# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF AMERICA, N.A., ) Case No. 2:15-cv-01193-MMD-GWF
        Plaintiff,
vs. ) **ORDER**
WOODCREST HOMEOWNERS ASSOCIATION, *et al.*,
        Defendants.

This matter is before the Court on Plaintiff's Motion to Stay Discovery Pending the Motion for Partial Summary Judgment (ECF No. 58), filed on December 6, 2017. To date, no party has filed an opposition to this motion and the time for opposition has now expired.[1]

## BACKGROUND

This is a declaratory relief and quiet title action that deals with a non-judicial foreclosure sale of the real property located at 6600 Pleasant Plains Way, Las Vegas, Nevada 89108 (the "Subject Property"). *Complaint* (ECF No. 1), ¶ 12. Specifically, Plaintiff argues that its first deed of trust was not extinguished as a result of the NRS 116 foreclosure sale of the Subject Property. On October 30, 2017, Plaintiff file a Motion for Partial Summary Judgment (ECF No. 49) based on the Ninth Circuit decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.,* 832 F.3d 1154, 1159–60 (9th Cir. 2016), which holds that NRS 116 is facially unconstitutional. Plaintiff argues that its motion for partial summary judgment raises a purely legal issue and as such, no discovery is needed.

. . .

---

[1] Pursuant to Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581. Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues. *Twin City Fire Ins. Co.*, 124 F.R.D. at 653. Furthermore, a stay of discovery might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value. 4 J. Moore, *Federal Practice* § 26.70[2], at 461.

Having reviewed Plaintiff's complaint and the briefs submitted thus far on Plaintiff's motion for partial summary judgment, the Court finds that a stay of discovery is appropriate here.

Plaintiff's primary argument is purely legal as it asserts that because of the decision in *Bourne Valley* the NRS 116 foreclosure sale on the Subject Property was unconstitutional. Discovery would therefore serve no purpose at this time. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Discovery Pending the Motion for Partial Summary Judgment (ECF No. 58) is **granted**.

DATED this 22nd day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge