UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:15-cv-01193-MMD-GWF |
| Plaintiff, | ORDER |
| v. | |
| WOODCREST HOMEOWNERS ASSOCIATION; AIRMOTIVE INVESTMENTS, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

**I.     SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are Defendant Airmotive Investments, LLC's ("Airmotive") motion to dismiss and motion for summary judgment (ECF Nos. 74, 75); Plaintiff Bank of America, N.A.'s ("BANA") motion for partial summary judgment (ECF No. 76); and Defendant Woodcrest Homeowners Association's ("HOA") motion for summary judgment (ECF No. 77). The Court has reviewed the various responses and replies thereto (ECF Nos. 78, 79, 80, 82, 84, 85, 86, 87, 91.) The Court denies Airmotive's motion to dismiss, grants BANA's motion for partial summary judgment based on BANA's tender of the superpriority portion of the HOA's lien, and denies the remaining motions as moot.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Carol Jenkins ("Borrower") obtained a $234,749 loan ("the Loan") from BANA on November 21, 2009, secured by a senior deed of trust ("DOT") recorded against the real property located within the HOA at 6600 Pleasant Plains Way, Las Vegas, NV 89108 ("the Property"). (ECF No. 76 at 3.)

The HOA recorded a notice of delinquent assessment lien against the Property on April 16, 2010. (*Id.*) The HOA recorded a notice of default and election to sell on June 21, 2010. (*Id.* at 4.) The HOA recorded a notice of foreclosure sale on September 24, 2010. (*Id.*)

BANA requested the superpriority amount of the HOA's lien from the HOA's agent on August 10, 2010, and offered to pay that amount. (*Id.*) The HOA responded but did not provide the superpriority amount. (*Id.*) The HOA asserted that a nine-month statement of account "is not valid" unless BANA had foreclosed on the Property and possessed title to the Property. (*See id.*)

The HOA sold the Property to Las Vegas Development Group ("LVDG") at a foreclosure sale ("HOA Sale") on February 15, 2011, for $3,400.01. (*Id.* at 5.) LVDG transferred the Property to Airmotive by grant deed recorded on January 5, 2017. (*Id.*)

BANA filed the Complaint on June 23, 2015, asserting the following claims for relief: (1) declaratory relief/quiet title; (2) breach of contract/restrictive covenants against the HOA; (3) breach of covenant of good faith and fair dealing against the HOA; (4) wrongful foreclosure against the HOA; (5) breach of NRS § 116.1113 against the HOA; (6) negligent misrepresentation against the HOA; and (7) injunctive relief against LVDG. (ECF No. 1 at 6-14.) In the prayer for relief, BANA requests declaratory relief, injunctive relief, and damages. (*Id.* at 14-15.)

### III. LEGAL STANDARDS

#### A. Rule 12(b)(6)

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough

to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but not shown that the pleader is entitled to relief. *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**B.     Summary Judgment**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the

nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. AIRMOTIVE'S MOTION TO DISMISS (ECF NO. 75)

Airmotive argues that BANA's first claim—declaratory relief/quiet title—is subject to a three- or four-year statute of limitations rather than the five-year statute of limitations applicable to quiet title claims because BANA never actually possessed title to the Property. (*See* ECF No. 75 at 6-7.) BANA argues that Airmotive has not supported its argument with legal authority and that Nevada law permits an individual to bring a quiet title action even when a security interest as opposed to an interest in the title of Property is at issue. (ECF No. 78 at 7.)

The Court finds that the five-year statute of limitations in NRS § 11.070 applies to BANA's first claim. "[NRS] § 40.010 allows anyone with an interest in the property to sue to determine adverse claims, and [NRS] § 11.070 provides the corresponding limitations period for such claims." *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *4 (D. Nev. Mar. 31, 2016); *see also Bank of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-449-JCM-PAL, 2017 WL 421652, at *2 (D. Nev. Jan. 30, 2017) (same). Given that the cause of action in foreclosure cases such as this accrues at the time of the foreclosure sale, *Goldsmith Enters., LLC v. U.S. Bank, N.A.*, No. 2:15-cv-00991-MMD-PAL, 2017 WL 4172266, at *3 (D. Nev. Sept. 20, 2017), the claim is not time-barred. The foreclosure sale took place on February 15, 2011 (ECF No. 76 at 5), and the Complaint was filed less than five years later, on June 23, 2015 (ECF No. 1).

Accordingly, the Court denies Airmotive's motion to dismiss.

## V. BANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 76)

BANA argues that it is entitled to summary judgment on its declaratory relief/quiet title claim because, among other things, BANA tendered the superpriority portion of the

///
///
///
///

5

HOA lien when it sent a letter to the HOA's trustee offering to pay the superpriority sum.[1] (ECF No. 76 at 1, 6-13.)

The HOA argues that BANA's letter did not discharge the HOA's superpriority lien because (1) BANA did not offer to pay the fees and costs associated with the HOA Sale; (2) BANA did not actually pay the superpriority amount; and (3) the HOA's rejection of the tender was justified. (ECF No. 84 at 11-12.)

Airmotive argues that BANA's letter was ineffective because (1) BANA did not actually pay the superpriority amount; (2) the HOA trustee timely responded to BANA's agent with instructions for how to obtain the amount of the superpriority lien; (3) BANA was not misled by the HOA trustee; (4) the CC&Rs provided BANA with a means of identifying the superpriority amount of the HOA lien; (5) the HOA provided all information necessary for BANA to take further action to protect itself; (6) BANA never contacted the HOA directly; (7) the doctrines of waiver and futility are inapplicable; (8) the Nevada Supreme Court has found similar letters insufficient to discharge the superpriority portion of an HOA lien. (ECF No. 85 at 9-18.)

The Court finds in favor of BANA. The Nevada Supreme Court recently held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2019 WL 1087513, at *1 (Mar. 7, 2019).[2] Here, it is undisputed that BANA offered to pay the superpriority portion of the HOA lien and that the HOA's agent rejected that offer. (*See* ECF No. 76 at 4; ECF No. 84 at 3-4, 11-12; ECF No. 85 at 3-6, 9-18.) Accordingly, the Court finds that BANA's offer to

///

///

---

[1]BANA also asserts that it is entitled to summary judgment on Airmotive's counterclaims (ECF No. 76 at 1), but it does not seem that Airmotive has advanced any counterclaims in this action (*see* ECF No. 10 (LVDG's answer); ECF No. 72 (order granting stipulation to substitute Airmotive for LVDG as the real party in interest)).

[2]The Court is aware of the authority cited in BANA's motion for leave to file supplemental authority (ECF No. 92). Accordingly, the Court will deny this motion as moot.

pay, coupled with the HOA's rejection of that offer, discharged the superpriority portion of the lien. Thus, BANA's DOT continues to encumber the Property.

The HOA argues that the offer was ineffective because it did not include fees and costs related to the HOA Sale. (ECF No. 84 at 12.) BANA argues that the HOA relies on outdated caselaw and that the superpriority portion of the lien comprises only the nine months assessments and not fees and costs accrued in connection with the HOA Sale. (ECF No. 91 at 2-3.) The Court agrees with BANA. The HOA relies on two 2016 cases,[3] and the Nevada Supreme Court reaffirmed in a subsequent 2018 decision—citing to both those cases—"that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018). Accordingly, the Court rejects the HOA's argument.

The HOA argues that the rejection of the tender was justified (ECF No. 84 at 12), but the reasons for rejecting the offer do not figure into the analysis. The fact of rejection, coupled with an offer to pay the superpriority amount, is sufficient to discharge the superpriority portion of the HOA's lien. *See Thomas Jessup*, 2019 WL 1087513, at *1.

Airmotive's arguments are also unpersuasive in light of *Thomas Jessup*. In the unpublished Nevada Supreme Court decisions Airmotive cites, the court only considered the sufficiency of offers to pay—not offers to pay coupled with rejection by the HOA. *See Bank of N.Y. Mellon for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2005-1CB, Mortg. Pass-Through Certificates, Series 2005-1CB v. SFR Invs. Pool 1, LLC*, No. 68165, 420 P.3d 558, 2018 WL 3025963, at *1-2 (Nev. 2018); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, No. 69323, 420 P.3d 559, 2018 WL 3025973, at *1-2 (Nev. 2018).

Accordingly, the Court grants summary judgment in favor of BANA on its first claim for relief. In the Complaint, BANA primarily requests a declaration that its DOT survived
///

---

[3]*Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66 (Nev. 2016); *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105 (Nev. 2016).

the HOA Sale. (*See* ECF No. 1 at 14-15.) Given that BANA has received the relief it requested, the Court dismisses BANA's remaining claims as moot.

**VI. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered Defendant Airmotive's motion to dismiss (ECF No. 75) is denied.

It is further ordered that Plaintiff BANA's motion for partial summary judgment (ECF No. 76) is granted. The Court declares that the HOA Sale did not extinguish BANA's DOT. BANA's remaining claims are dismissed as moot.

It is further ordered that the following motions are denied as moot: Defendant Airmotive's motion for summary judgment (ECF No. 74); Defendant HOA's motion for summary judgment (ECF No. 77); Plaintiff BANA's motion for leave to file supplemental authority (ECF No. 92).

It is further ordered that the parties' stipulation for extension of time (ECF No. 73) is granted *nunc pro tunc*.

It is further ordered that the Clerk of the Court enter judgment in favor of BANA on its first claim for declaratory relief/quiet title and close this case.

DATED THIS 11th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE